IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| ABRAM HARRIS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-22-00580 |
| WELLS FARGO CORPORATE OFFICE HEADQUARTERS, HQ, | * | |
|  | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Abram Harris brings this civil action against Defendant Wells Fargo Equipment Finance, Inc.[1] ("Wells Fargo" or "Defendant") for Discrimination, Fraud, Loss of Wages and Revenue, and Financial Grievance. Pending before the Court is Defendant's Motion to Dismiss, ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion is granted.

**I.   BACKGROUND**[2]

Plaintiff Harris owns a trucking company, Cool Air Express, which he hoped to expand by purchasing semi-trucks through Well Fargo's lease program. ECF No. 5 at 8.[3] Harris states that he had been communicating with Wells Fargo about this matter for quite some time. *Id.* Wells Fargo encouraged him to take advantage of this purchase/lease program and indicated to Harris that he was a good candidate for the program and was 100% assured by Wells Fargo that

---

[1] Defendant was incorrectly named in the Complaint as "Wells Fargo Corporate Office Headquarters, HQ," which is a non-entity.
[2] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

he would be approved because of his credit score, experience in business, and high cash deposits. *Id.* at 8–9. Harris states he was further encouraged to apply for a one-hundred thousand dollar line of credit in order to expand his business. *Id.* He applied, was approved and was told the money would be available the following week. *Id.* When the date on which he was supposed to receive the money passed, he called and was informed that the loan was declined. *Id.* Harris later received a letter from the Senior Vice President, Patrick Clancy, indicating that he was denied due to "[p]rior felony conviction of owner and principal." *Id.*

Harris goes on to allege that Wells Fargo makes a number of false statements on its website that are contradicted by his experiences with them. *Id*. at 12–13. Harris states that because Wells Fargo did not provide him with a loan, he could not get more trucks or hire more drivers, causing him to lose money he could have made based on his assessment that the trucks would have created a profit of between $20,000 to $60,000 a week. *Id.* at 13, 15.

Plaintiff Harris brought this action in the Circuit Court for Prince George's County on January 27, 2022. ECF No. 5 at 1. Defendant Wells Fargo removed the case to this Court on March 9, 2022. ECF No. 1. On March 16, 2022, Wells Fargo filed the instant Motion to Dismiss, challenging Plaintiff's prudential standing and ability to proceed pro se. ECF No. 10. A notice was sent to Plaintiff from the Clerk of the Court, on March 17, 2022, notifying him of his right to file a response and advising him that failure to respond could lead to dismissal of his Complaint. ECF No. 11. Plaintiff has not filed a response.

II.     **STANDARD OF REVIEW**

Defendant moves to dismiss this action for lack of standing. ECF No. 10-1 at 4–5. The plaintiff in a federal action bears the burden of demonstrating that he possesses standing to pursue his claims in federal court. *Deal v. Mercer Cty. Bd. of Educ.*, 911 F.3d 183, 188 (4th Cir.

2018). "The standing doctrine has both constitutional and prudential components." *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009). Only prudential standing is at issue in this case. Prudential standing consists of judicially imposed limits on the class of persons who may invoke the federal courts' decisional and remedial powers. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). Among these limitations is the principle that a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.*

"[C]onstitutional and prudential standing are governed by different standards of review." *Riston v. Klausmair*, No. RDB-17-03766, 2018 WL 4333752, *5 n.5 (D. Md. Sept. 11, 2018). "[C]onstitutional standing, which goes to subject-matter jurisdiction, generally falls under Rule 12(b)(1) while prudential standing is properly addressed under Rule 12(b)(6)." *Soderberg v. Pierson*, No. RDB-19-1559, 2020 WL 206619, at *5 (D. Md. Jan. 14, 2020*); see Bluefeld v. Cohen*, No. PX-15-2857, 2017 WL 1546406, at *4 n.2 (D. Md. Apr. 27, 2017), *aff'd*, 697 F. App'x 788 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1701 (2018); *Callender v. Callender*, No. TDC-15-4015, 2016 WL 3647613, at *3 (D. Md. June 30, 2016). Wells Fargo thus properly brought this Motion under Fed. R. Civ. P. 12(b)(6) and the Court will address Defendant's arguments under that standard.

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true, and ... construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Although a pleading called into question by Rule 12(b)(6) does not need to provide "detailed factual allegations," something "more than labels and conclusions" is required, and there must be factual allegations sufficient to "raise a

right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a pleading must contain "enough factual matter (taken as true) to suggest" the viability of plaintiff's claims. *Id.* at 556. Where "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Francis v. Giacometti*, 588 F.3d 186, 193 (4th Cir. 2009) ("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

Pro se complaints such as Harris' must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Despite this requirement, however, "[p]rinciples requiring generous construction of pro se complaints are not ... without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

**III.    DISCUSSION**

Wells Fargo argues that Plaintiff lacks prudential standing to assert claims on behalf of his company, Cool Air Express, and that he cannot proceed in this matter *pro se*. ECF No. 10-1 at 5–6. The Court agrees.[4] "Generally, a shareholder lacks prudential standing to assert a direct claim for injuries to a corporation." *Bluefeld*, 2017 WL 1546406, at *2. "[A] suit to recover damages to a corporation can only be brought by the corporation itself through a derivative

---

[4] Wells Fargo also notes that Plaintiff previously filed a case in February 2020, alleging the same facts and claims as in the instant lawsuit. This Court dismissed that action, without prejudice, for lack of standing in December 2020. The same issues that were present in the previous lawsuit, befall this one.

4

action, and not by individual shareholders." *Id.* "Shareholders (or in the case of an LLC, its members) do not have standing to sue on the corporation's behalf." *Orgain v. City of Salisbury*, 521 F. Supp. 2d 465, 476 n.33 (D. Md. 2007). Furthermore, "a limited liability company can appear in federal court only through a licensed attorney because it is a business entity." *Gilley v. Shoffner*, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004). "A pro se plaintiff cannot maintain a derivative action." *Bluefeld,* 2017 WL 1546406, at *3 (collecting cases). "[A] derivative suit is a cause of action that belongs to the corporation, pro se individuals may only represent themselves in actions before this Court." *Id.* (internal quotations and citations omitted).

    The harm Plaintiff alleges in his Complaint was injury to his company, Cool Air Express, and not to Plaintiff directly. Cool Air Express applied for the equipment loan to purchase seven semi-trucks and Cool Air Express was offered seven semi-trucks. Had Wells Fargo approved the loan, Cool Air Express would have brought in between $20,000 to $60,000 a week with the additional seven trucks. In anticipation of receiving the loan, Cool Air Express interviewed and was prepared to hire, seven new employees. Cool Air Express told the companies they work for that they would be able to carry more loads with the additional trucks. However, because Wells Fargo denied Cool Air Express the loan, it would now lose those contracts. ECF No. 5 at 14–15.

    Although the Complaint only alleges injury to Cool Air Express, Cool Air Express is not a party to this action. Mr. Harris is the sole Plaintiff to this action, and he lacks standing to bring this action on behalf of Cool Air Express. Even if this Court were to assume Plaintiff had added Cool Air Express to the Complaint, or to liberally construe the Complaint as a derivative action, the Court would still dismiss the claim because Plaintiff cannot proceed pro se on behalf of a business entity and a pro se Plaintiff cannot maintain a derivative action. Therefore, the Court must dismiss the Complaint. Defendant's Motion to Dismiss will therefore be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted without leave to amend[5]. A separate Order follows.

Date: January 11, 2023

      /s/
GEORGE J. HAZEL
United States District Judge

---

[5] Under Maryland law, Civil actions such as this one must be filed within three years from the date it accrues. Md. Code Ann., Cts. & Jud. Proc. § 5-101. Plaintiff's letter identifying that Cool Air Express was denied a loan is dated September 17, 2018. More than three years have passed since that date and the Court will therefore dismiss the Complaint with prejudice and without leave to amend.